IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| PAUL SHUMATE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:25-cv-05007-MDH |
| CITY OF JOPLIN, MISSOURI et. al., | ) |
| Defendants. | ) |

# ORDER

Before the Court is Plaintiff's *Pro Se* Motion for Service of Process by U.S. Marshal and *Pro Se* Motion for Order to Preserve Evidence. (Docs. 2 and 5). For reasons stated here, the Court hereby denies Plaintiff's Motion for Service of Process by U.S. Marshal and denies Plaintiff's Motion for Order to Preserve Evidence.

**I.      Motion for Service of Process by U.S. Marshal**

Federal Rule of Civil Procedure 4 details the appropriate process regarding summons. "On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal." Fed. R. Civ. P. 4(b). "A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served." *Id*. "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed

1

by the court." Fed. R. Civ. P. 4(c)(3). "The Court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915". *Id*.

Here, Plaintiff's motion fails on two counts. First, Plaintiff has failed to get summons from the Clerk's office for each individual defendant named pursuant to Federal Rule of Civil Procedure 4(b). Second, Plaintiff's motion fails to address service to the correct parties in this case. Plaintiff asks the court to direct service of process on the Joplin Police Department and McDonald County Sheriff. (Doc. 2). However, these two entities are not suable, and service would not be proper. Instead, service should be directed to the City of Joplin, Missouri and McDonald County, Missouri. For the reasons stated herein, Plaintiff's *Pro Se* Motion for Service of Process by U.S. Marshal is **DENIED**. Plaintiff may bring his motion again once he has obtained summons and names the correct parties to be served.

## II. Motion for Order to Preserve Evidence

Plaintiff's Motion for Order to Preserve Evidence is premature. Defendants are under an obligation to preserve evidence when they have notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation. *See Best Buy Stores, L.P. v. Devs. Diversified Realty Corp.*, 247 F.R.D. 567, 570 (D. Minn. 2007). Any failure to preserve such evidence might lead to sanctions for spoliation of evidence as noted within Federal Rule of Civil Procedure 37. However, Defendants have yet to be served in the case, no discovery has been authorized in this case, and Plaintiff has not presented any factual allegations that Defendants will improperly dispose of potential evidence in this case. For the reasons stated, Plaintiff's *Pro Se* Motion for an Order to Preserve Evidence is **DENIED**.

## CONCLUSION

For the reasons stated, Plaintiff's *Pro Se* Motion for Service of Process by U.S. Marshal is **DENIED** and Plaintiff's *Pro Se* Motion for Order to Preserve Evidence is **DENIED**.

**IT IS SO ORDERED.**

Date:  February 27, 2025

                                               */s/ Douglas Harpool*
                                               **DOUGLAS HARPOOL**
                                               **UNITED STATES DISTRICT JUDGE**